UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLADYS SHANAE WILSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 09-cv-272-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court for consideration of a letter received from petitioner Gladys Shanae Wilson (Doc. 4), which the Court construes as a motion for a free copy of transcripts, for appointment of counsel and to amend her motion under 28 U.S.C. § 2255.

**I.    Free Copies of Transcripts**

Neither the transcript of Wilson's plea hearing nor her sentencing hearing has been prepared by the court reporter at this time. Wilson claims she needs these documents in connection with her § 2255 motion.

A defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that she is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollum*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).

The Court finds Wilson has not made the showing this Court requires before it will order a transcript to be prepared for her free of charge. While it appears from the uncertified inmate

account statement that Wilson may be indigent and unable to afford to pay for the transcripts she seeks, she has not established that the transcripts are necessary to the prosecution of her § 2255 petition. The Court has reviewed the petition and the government's response and notes that resolution of most of the issues will not turn on the content of the transcripts. As to the remaining issues, if the transcripts are ever prepared and if the Court finds them helpful to Wilson's arguments, the Court will reconsider its decision on her request at that time.

## II. Appointment of Counsel

Wilson asks the Court to appoint her counsel in this matter. Whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district court. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely no right to appointment of counsel in a § 2255 case unless the absence of counsel would result in fundamental unfairness impinging on due process rights, *id.* (citing *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Winsett*, 130 F.3d at 281 (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a 12-month period. Local Rule 83.1(i).

After reviewing Wilson's petition, the Court finds that Wilson is well able to articulate the contours of her arguments and will be able to obtain justice without an attorney and that the absence of counsel at this stage in the case would not result in an unfair proceeding impinging on Wilson's due process rights. Accordingly, the Court will deny Wilson's request for counsel without prejudice.

### III.   Leave to Amend

Wilson asks the Court to allow her to amend her § 2255 motion to add new facts but no new grounds for relief. She does not specify the facts she intends to add to her motion. A § 2255 motion need not contain all the detailed facts in support of a ground for relief. Wilson may add facts in support of her argument – and substantiate her factual allegations with the appropriate evidence – in her reply brief. There is no need to amend her original motion. The Court believes a brief extension of time to allow Wilson to prepare her reply is warranted and will extend the deadline for the reply brief to March 26, 2010.

### IV.   Conclusion

For the foregoing reasons, the Court hereby **DENIES** the motion (Doc. 4) in its entirety and **ORDERS** that Wilson shall have up to and including March 26, 2010, to file a reply to the government's response.

**IT IS SO ORDERED.**
**DATED:  March 8, 2010**

                                    s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**