UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLADYS SHANEA WILSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 09-cv-272-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Gladys Shane Wilson's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government has responded to the motion (Doc. 9), and Wilson has replied to that response (Doc. 13).

**I.    Background**

In April 2007, Wilson was indicted in a superseding indictment on one count of conspiracy to distribute more than 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In August 2007, the grand jury returned a second superseding indictment adding two counts of distribution of crack cocaine and two counts of distribution of cocaine, all in violation of 21 U.S.C. § 841(a)(1). In October 2007, the grand jury returned a third superseding indictment raising the amount of crack cocaine alleged to have been involved in the conspiracy to 50 grams.

Wilson was represented at all times by attorney Rodney H. Holmes. On January 10, 2008, Wilson pled guilty without a plea agreement to the distribution charges. On May 5, 2008, pursuant to the Government's request, the Court dismissed the conspiracy count without prejudice. On April 11, 2008, the Court sentenced Wilson to serve 200 months in prison.

On April 15, 2008, Wilson appealed to the Seventh Circuit Court of Appeals. On June 18, 2008, Holmes filed a motion, also signed by Wilson, to voluntarily dismiss the appeal. The

Court of Appeals granted her motion and issued its mandate on June 19, 2008. The Government did not move for a reduction of Wilson's sentence pursuant to Federal Rule of Criminal Procedure 35(b).

Wilson filed this timely § 2255 motion on April 9, 2009. In it, she argues, among other things, that Holmes was constitutionally ineffective because he told Wilson she needed to dismiss her appeal in order to have a chance at a reduction in sentence pursuant to Rule 35(b), filed the motion to voluntarily dismiss the appeal after telling her he would not, and failed to tell her of the dismissal in time for her to withdraw her motion to voluntarily dismiss.

In response, the Government argues that Wilson's unsworn allegations about the circumstances surrounding her motion to voluntarily dismiss her appeal are insufficient to support § 2255 relief, especially in light of her signature on the motion.

## II.  § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

## III.  Analysis

The Court addresses Wilson's claim of ineffective assistance of counsel based on

Holmes' conduct in withdrawing her appeal before turning to the other issues raised in her § 2255 motion.  The Court believes ineffective assistance of counsel that causes a defendant to abandon a direct appeal of a criminal case is the functional equivalent of ineffective assistance of counsel in failing to file a notice of appeal after a defendant timely makes such a request.  In both situations, the defendant is effectively deprived of any assistance of counsel at all on appeal.  That kind of performance warrants awarding the right to proceed as if on direct appeal regardless of the probability of success on appeal.  *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994).  Thus, if Wilson's argument has merit, the Court believes the proper remedy would be to allow her to proceed as if on direct appeal, which would alleviate the need, at least for the moment, to decide the other issues in her motion.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984);  *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010);  *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel.  *Wyatt*, 574 F.3d at 458.  The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of

3

professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

Wilson asserts in her unsworn filings the circumstances surrounding the voluntary dismissal of her appeal. She alleges that after sentencing and after her appeal was on file, Holmes advised her by letter that she would be better served by cooperating with the government and participating in a proffer in an effort to receive a Rule 35(b) reduction in sentence than she would be by pursuing her appeal. Later, Holmes and several law enforcement agents visited Wilson to conduct the proffer, but Holmes told Wilson the agents would not talk with her until she had signed the motion to voluntarily dismiss her appeal. Wilson claims Holmes told her she needed to sign the motion so the agents would talk to her but that she could withdraw the motion to dismiss within 30 days of filing it. Wilson claims she signed the motion simply so the agents would talk to her even though she did not really want to dismiss the appeal. The agents conducted the proffer but were unable to complete it because they needed to gather more

4

information from other sources. They told Wilson they would be back the following week, and Holmes said he would return when the agents did. Holmes told Wilson he would not file the motion to dismiss the appeal until the proffer was complete. The agents never finished the proffer, but Holmes filed the motion to dismiss anyway. The Court of Appeals granted the motion and dismissed Wilson's appeal.

Later when Wilson had reached prison, she discussed with Holmes issues she wanted to raise on appeal. In that conversation, Holmes did not indicate that he had filed or was going to file the motion for voluntary dismissal. In fact, Holmes never informed Wilson when he filed the motion. When Wilson found out about the dismissal by other means, Holmes told her he had filed the motion because the Government had accepted her proffer, was going to move for a Rule 35(b) sentence reduction, and "time was running out."

Holmes was not ineffective for advising Wilson to pursue a Rule 35(b) reduction instead of her direct appeal. It is clear that a direct appeal is incompatible with a Rule 35(b) sentence reduction, for which the Government demands the full and total cooperation of the defendant. The Government routinely construes an appeal contesting a within-guidelines sentence to fall short of full cooperation and will withhold a Rule 35(b) motion where such an appeal is pending. It was a judgment call about which had more chance of success, and in Holmes' judgment, Wilson was more likely to get a lower sentence by cooperating than by contesting her sentence on legal grounds. This advice was not outside the range of reasonable performance.

It is a closer call whether Holmes alleged deception regarding the filing of the motion and the opportunity to withdraw it was deficient performance. Counsel's performance cannot be said to be reasonable if he tricked the defendant into dismissing an appeal by misrepresenting the consequences of the motion, e.g., that she could change her mind within 30 days and reinstate

5

the appeal once her proffer was complete.  It is also questionable whether counsel is deficient if he failed to inform the defendant that the appeal had been dismissed after filing a motion in which she appeared to concur in the dismissal.  These issues give the Court pause.  Because Wilson has not submitted her allegations in affidavit form, technically she has not provided sufficient evidence of her counsel's performance to warrant a hearing.  Nevertheless, given the nature of the allegations, the Court believes Wilson should be given an opportunity to swear they are true.  The most efficient way to obtain a sworn statement from Wilson and resolve the entire matter is to hold a hearing.

The Court therefore **ORDERS** that a hearing be held on January 27, 2011, at 1:30 p.m. in Benton, Illinois, addressing the issues of (1) whether counsel was constitutionally ineffective in his conduct in connection with the motion to voluntarily dismiss Wilson's appeal and (2) the proper remedy if counsel was constitutionally ineffective in this regard.  The Court further finds that the interests of justice require that Wilson be represented by counsel at the hearing but that she is unable to afford counsel.  Accordingly, the Court hereby **ORDERS** that, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings and 18 U.S.C. § 3006A, the Federal Public Defender's Office is **APPOINTED** to represent Wilson for the purposes of this hearing only.

**IT IS SO ORDERED.**
**DATED:  December 21, 2010**

               s/ J. Phil Gilbert
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**